[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Robert L. Lawrence was convicted of robbery in violation of R.C. 2911.02(A)(3), following a bench trial. The trial court imposed a three-year sentence. On appeal, Lawrence raises one assignment of error in which he claims that his conviction was against the weight of the evidence.
In evaluating a challenge to the weight of the evidence, this court must review the entire record, weigh the testimony and all reasonable inferences, consider the credibility of the witnesses and determine whether the trier of fact clearly lost its way in resolving conflicts in the evidence and created a manifest miscarriage of justice entitling the defendant to a new trial.[1] To reverse on the basis that a conviction was against the weight of the evidence, we must "disagree with the factfinder's resolution of the conflicting testimony."[2]
Lawrence was accused of robbing a bank in downtown Cincinnati. The only people who testified at trial were Lawrence and the bank employee to whom Lawrence passed a note demanding money. When the bank employee asked Lawrence what she should do, he told her to call the FBI.
We have reviewed the entire record and conclude that there were no material conflicts in the evidence. Because there was no conflicting evidence, this is not the exceptional case that requires a new trial. We conclude that Lawrence's conviction was not against the manifest weight of the evidence and overrule his assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter, and Sundermann, JJ.
[1] See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720.
[2] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 547.